**EXXON CORPORATION, Chevron U.S.A. Inc., and Mobil Oil Corporation, Plaintiffs,**

v.

**Harold C. HEINZE, et al., Defendants.**

**No. A91–543 CIV.**

United States District Court, D. Alaska.

March 3, 1992.

---

See also 792 F.Supp. 72.

Carl J.D. Bauman (argued), and Joseph R.D. Loescher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for plaintiffs.

Wilson Condon, Richard W. Maki (argued), Condon, Partnow & Sharrock, P.C., Anchorage, Alaska, and also Bruce M. Botelho, Asst. Atty. Gen. of the State of Alaska, Juneau, Alaska, for defendants.

## ORDER

### (Motion for Disqualification)

HOLLAND, Chief Judge.

This case was assigned to Judge Singleton by random draw. Plaintiffs have filed a motion for disqualification. Judge Singleton considered this motion and, on February 24, 1992, an order denying recusal under 28 U.S.C. § 455 was entered.

As is the practice of this court, the matter was then referred to the undersigned for consideration pursuant to 28 U.S.C. § 144. The undersigned is the only other active district judge of this court, and as chief judge of the court I undertake to address plaintiffs' motions on behalf of the court.

In their motion, plaintiffs request that their motion for disqualification be considered by another federal district court judge who is not a resident of Alaska.[1] A motion under Section 455 is expressly directed to the assigned judge. Section 455(a) provides:

> Any justice, judge, or magistrate of the United States *shall disqualify himself* in any proceeding in which his impartiality might reasonably be questioned.

The thrust of the remainder of Section 455 is likewise directed toward the assigned judge, not another judge. The court therefore concludes that there was no basis for Judge Singleton to refer this matter to another judge except in furtherance of the court's self-imposed policy of treating applications under Section 455 as including an application under Section 144 as well.

Section 144 of Title 28 provides in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Although Section 144 is not explicit in this regard, the court reads the foregoing language to require that the matter of recusal of a judge assigned to a particular case be considered by another judge of the same court in which the case is filed. The court is aware of no authority that would require it to request the services of a judge from outside the district in order to secure consideration of a motion for recusal under Section 144, and the court declines to do so.

---

**1.** Motion for Disqualification and Reassignment, filed Dec. 17, 1991 (Clerk's Docket No. 10).

■ Although the focus of the instant motion and Judge Singleton's discussion of it under Section 455(a) and (b)(4) do not expressly or overtly involve a claim of personal bias or prejudice on the part of the judge, the court in this instance considers potential personal bias or prejudice under Section 144 to subsume the kind of alleged conflict of interest which is the major thrust of the motion. I conclude, as did Judge Singleton, that the possible future receipt of Alaska Permanent Fund dividends by district judges is not an occasion for recusal by Judge Singleton or any other judge of this court. I join in and adopt Judge Singleton's analysis of the nature and extent of these so-called dividends. I would add two further observations.

Firstly, having thoroughly reviewed Judge Singleton's order denying recusal, I am satisfied that it neither discloses nor betrays even the slightest hint of personal bias or prejudice on the part of Judge Singleton on the issues involved in this case. For myself, I have searched my conscience and am satisfied to a moral certainty that the fact that I may receive a permanent fund dividend in the future would have no influence whatsoever with respect to my view as to whether or not it is appropriate for a judge of this court to consider a matter involving the payment of money to the State of Alaska which may ultimately affect the size of future permanent fund dividends.

Secondly, and with respect to the plaintiffs' arguments that the results of this case could involve a swing of several hundred dollars one way or the other in the size of dividends, I am satisfied that the plaintiffs' arguments substantially oversimplify the extremely complex matter of how the profits of the Alaska Permanent Fund, out of which dividends derive, are generated.

As Judge Singleton points out, the Alaska Constitution, Article IX, Section 15, requires that 25% of oil revenues be placed in the Fund. The constitution further provides that:

> All income from the Permanent Fund shall be deposited in the General Fund unless otherwise provided by law.

Thus, under the constitution, the legislature has tremendous power over what the dividends shall be, as was discussed by Judge Singleton. What I would point out is that once the constitutional amount has been deposited into the fund, the legislature can, at its discretion, divert additional oil-related proceeds to the general fund.[2] Thus there is no certainty that any result of the underlying state court litigation will in fact affect anyone's permanent fund dividend. Assuming for the sake of discussion, however, that there are proceeds from the underlying state court litigation and that such proceeds are deposited into the fund, they must be invested. Deposits into the fund from sources such as plaintiffs may not be disbursed directly as dividends. The investments which are made from deposits from oil producers may or may not produce profits, and the overall profits from the fund will necessarily vary from year-to-year because of the vagaries of the profitability of the various investments. The profits derived from the fund also are a function of whether or not investments are sold and whether or not such sales, when made, generate profits or losses. While the amounts involved in the underlying dispute between plaintiffs and defendant are indeed large, the impact upon any particular recipient of a permanent fund dividend, in addition to being merely an expectancy, is very speculative.

To the extent that claims for disqualification under Section 455(a) and (b)(4) are considered to give rise to potential bias or prejudice by a judge, I join with Judge Singleton and with Judge Fitzgerald[3] in

2. The Alaska Legislature is currently in session. There recently have been public suggestions from the legislature that there could be a deficit of $2 billion in the current fiscal year. The State of Alaska is plainly very close to the point in time when the legislature must do one or the other of two things: reimpose an income tax or make adjustments with respect to deposits to or income derived from the permanent fund in order to balance the state budget.

3. See Alaska Oil Co. v. State, 45 B.R. 358 (D.Alaska 1985).

concluding that an Alaska federal district judge's receipt of a permanent fund dividend does not give rise to a cause for recusal.

I decline to recuse myself in this matter, and find no reason why Judge Singleton should recuse himself.